ORIGINAL

FILED

07 NOV -5 AM II: 14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1  BOWMAN AND BROOKE LLP
   Brian Takahashi (SBN 146505)
2  Edgar J. Gutierrez (SBN 189011)
   879 West 190th Street, Suite 700
3  Gardena, California 90248-4227
   Telephone: (310) 768-3068
4  Facsimile: (310) 719-1019

5  Attorneys for Defendant, MAYTAG CORPORATION

6

7

8              UNITED STATES FEDERAL DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 PEARL YANG, an individual and BEACH      )  CASE NO. 07 CV   2111 IEG  JMA
   YEN, an individual,                      )
12                                          )
                                            )  (Removed from Los Angeles Superior
13              Plaintiffs,                  )  Court Case No. BC375391
                                            )
14 vs.                                      )  Assigned to:
                                            )  Department:
15                                          )
16 MAYTAG CORPORATION, a Delaware           )  NOTICE OF REMOVAL TO THE
   corporation, and DOES 1-150, inclusive,  )  UNITED STATES DISTRICT COURT
17                                          )  FOR THE SOUTHERN DISTRICT OF
                Defendant.                   )  CALIFORNIA UNDER 28 U.S.C.
18 _____ )  SECTION 1441(b) DIVERSITY;
19                                             DECLARATION OF EDGAR J.
                                               GUTIERREZ; EXHIBITS
20
21                                             Action Filed: August 6, 2007
                                               Trial Date:   None
22                                                                   BY FAX
23         TO THE CLERK OF THE UNITED STATED DISTRICT COURT FOR THE

24   SOUTHERN DISTRICT OF CALIFORNIA:

25         Defendant Maytag Corporation hereby removes this case to the United States

26   District Court for the Southern District of California, pursuant to 28 U.S.C § 1441(b

27   based upon diversity jurisdiction as defined by 28 U.S.C. § 1332. The basis for removal

28   is as follows:

L429347                                     1
NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY; DECLARATION OF
                         EDGAR J. GUTIERREZ; EXHIBITS
                                                    CASE NO:_____

1.    On August 6, 2007, plaintiffs Pearl Yang and Beach Yen commenced this action in the Los Angeles Superior Court, Central District, entitled as follows: <u>Pearl Yang, an individual and Beach Yang, an individual v. Maytag Corporation, and DOES 1 - 150, Inclusive,</u> Los Angeles Superior Court Case No. BC 375391.  Defendant Maytag Corporation was served with a copy of plaintiffs' Summons and Complaint for Damages on October 3, 2007, through its designated agent for service of process, Corporation Service Company.  A true and correct copy of plaintiffs' Complaint for Damages and all process received are attached as Exhibit "A" to the Declaration of Edgar J. Gutierrez.

2.    On October 31, 2007, defendant Maytag Corporation answered plaintiffs' Complaint for Damages and concurrently filed its jury demand.  A true and correct copy of Maytag Corporation's Answer to Plaintiffs' Complaint for Damages and Demand for Jury Trial, filed October 31, 2007, is attached as Exhibit "B" to the Declaration of Edgar J. Gutierrez.

3.    Defendant Maytag Corporation is a Delaware Corporation with its principal place of business in Michigan.

4.    Defendant Maytag Corporation was at the time of the filing of this action, and still is, a Delaware Corporation with its principal place of business in Michigan.

5.    Based upon information obtained from plaintiffs' counsel, defendant Maytag Corporation is informed and believes that each of the aforementioned plaintiffs were at the time of the filing of this action, and still are, citizens of the State of California, residing in the County of San Diego, City of Carlsbad.

6.    On information and belief, and based upon a review of the records of the Superior Court of the County of Los Angeles, no other defendants have been named since, and no other defendants have been served with process in this action.

7.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant Maytag Corporation pursuant to 28 U.S.C. § 1441(a) because it involves citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY; DECLARATION OF EDGAR J. GUTIERREZ; EXHIBITS

CASE NO:_____

1 | interests and costs.

2 | 8. **Amount in Controversy**: Because plaintiffs have filed their Complaint

3 | for Damages in the state Superior Court, they are not permitted by state law, to set forth

4 | the amount in controversy. Further, notwithstanding the ambiguity of plaintiffs'

5 | Complaint for Damages, the plaintiffs' claims are legally certain to exceed $75,000.

6 | According to plaintiffs' counsel, this action involves personal injuries sustained by

7 | plaintiff Pearl Yang when a Maytag brand dishwasher was caused to explode by a

8 | hydrogen gas buildup in the hot water heater at plaintiffs' residence. The door to the

9 | subject dishwasher was "blown open" and injured plaintiff Pearl Yang. Plaintiff Pearl

10 | Yang reportedly sustained an arm fracture with internal reduction and fixation with

11 | external hardware. It is believed that Ms. Yang has undergone extensive physical

12 | therapy. It is currently unclear if she will require future medical care. Valdez v. Allstate

13 | Ins. Co. (9th Cir. 2004) 372 F.3d 1115, 1116; Burns v. Windsor Ins. Co. (11th Cir. 1994)

14 | 31 F.3d 1092, 1095 [in case of ambiguous state court complaint, defendant must show

15 | that case is clearly worth more than $75,000]

16 | Plaintiff Beach Yen is reportedly plaintiff Pearl Yang's spouse. According to the

17 | Complaint for Damages, Mr. Yen was in the vicinity of the subject explosion and

18 | experienced the event and has been harmed by his spouse's injuries. Accordingly, Mr.

19 | Yen asserts a claim for loss of consortium and bystander emotional distress due to the

20 | incident.

21 | Discovery will be conducted to more fully ascertain all of plaintiffs' injuries and

22 | special and general damages.

23 | 9. **Diversity:** Diversity of citizenship must exist at the time of filing the

24 | original complaint and when the petition for removal is filed. Diversity of citizenship

25 | does not depend on residency but on a party's citizenship as these two terms are not

26 | synonymous. See, McClanahan v. Galloway (D.C. Cal. 1955) 127 F. Supp. 929. In the

27 | case of corporate parties as is the case here, a corporation is a citizen of the state in

28 | which it is incorporated and, where it has its principal place of business. Co-Efficient

L429347

3

1    Energy Systems v. CSL Industries, Inc. (9th Cir. 1987) 812 F.2d 556, 559-560.

2        10.    Plaintiffs' Complaint for Damages does not assert either of the plaintiffs'

3    place of citizenship.  However, based upon verbal information provided by plaintiffs'

4    counsel on October 30, 2007, plaintiffs are citizens of the State of California with their

5    place of residence in the City of Carlsbad, County of San Diego.  See, Declaration of

6    Edgar J. Gutierrez.

7        11.    Defendant Maytag Corporation ascertained that there was complete

8    diversity only within the last three (3) days, following a telephone conference between

9    its counsel, Edgar J. Gutierrez and plaintiffs' counsel, Donald Weissman.  Accordingly,

10   removal is timely under 28 U.S.C. 1446 (b); cf., Lovern v. General Motors Corp. (4th

11   Cir. 1997) [because plaintiff's residence not alleged in complaint, diversity not

12   discovered until he responded to interrogatories- interrogatories constitute "other paper"

13   from which diversity can be determined for purposes of triggering removal timeframe

14   under § 1446(b); see also, Chapman v. Powermatic, Inc. (5th Cir. 1992) 969 F.2d 160,

15   164 [same]; Huffman v. Saul Holdings Ltd. Partnership (10th Cir. 1999) 194 F.3d 1072,

16   1078 [same- in context of deposition].  See, Declaration of Edgar J. Gutierrez.

17       12.    Maytag Corporation is a Delaware Corporation with its principal place of

18   business in Michigan.

19       13.    Based upon information provided by plaintiffs' counsel, plaintiffs are

20   citizens of the State of California with their place of residence in the City of Carlsbad,

21   County of San Diego.

22       14.    Complete diversity is therefore met and there are no other named

23   defendants who can defeat diversity.  "DOE" defendants may be ignored for removal

24   purposes.  See, Salveson v. Western State Bank Card Assn. (9th Cir. 1984) 731 F.2d

25   1423.

26       12.    Based upon the foregoing, all requirements for federal diversity jurisdiction

27   and removal jurisdiction have been met.  Defendant Maytag Corporation therefore

28   requests that this action now pending against it in the Superior Court of California,

L429347                                    4

1  County of Los Angeles, be removed to this Court, and that this Court assume complete

2  jurisdiction in this matter.

3

4  Dated: November **2**, 2007                    BOWMAN AND BROOKE LLP

5

6

7                                        By: _____

8                                             Brian Takahashi
                                              Edgar J. Gutierrez
9                                             Attorneys for Defendant, MAYTAG
                                              CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L429347                              5

## DECLARATION OF EDGAR J. GUTIERREZ

I, Edgar J. Gutierrez, declare:

1.      I am an attorney at law duly licensed to practice before all courts of this State of California and this Court. I am partner in the law firm of Bowman and Brooke LLP, counsel of record for defendant, Maytag Corporation. I have personal knowledge of the matters stated herein. As to those matters stated on information and belief, I am informed and believe them to be true and correct. If called and sworn as a witness, I could and would competently testify to the following:

2.      A true and correct copy of plaintiffs' Complaint for Damages and all service of process effected on Maytag Corporation is attached hereto as Exhibit "A."

3.      A true and correct copy of Maytag Corporation's Answer to Plaintiff's Complaint for Damages and Demand for Jury Trial, filed October 31, 2007, is attached as Exhibit "B."

4.      On October 30, 2007, I spoke with plaintiffs' counsel Donald Weissman to discuss the nature of the case and obtain more information about plaintiffs' injuries, the allegations and the plaintiffs' residence as the Complaint was silent on the location of the incident and plaintiffs' residency.

### Plaintiffs' Injuries

5.      During my October 30, 2007 telephone conference, Mr. Weissman informed me that this action involved personal injuries sustained by plaintiff Pearl Yang when a Maytag brand dishwasher was caused to explode by a hydrogen gas buildup in the hot water heater at plaintiffs' residence. The door to the subject dishwasher was "blown open" and injured one of plaintiff Pearl Yang's arms. Ms. Yang reportedly sustained an arm fracture with internal reduction and fixation with external hardware. She also sustained some bruising and abrasions which have healed. Ms. Yang has undergone extensive physical therapy but it was not discussed whether there is a future medical component to plaintiffs' claims. Mr. Weissman is reportedly plaintiff Pearl

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY; DECLARATION OF EDGAR J. GUTIERREZ; EXHIBITS

CASE NO:_____

1   Yang's spouse.  According to the Complaint for Damages and my discussion with

2   plaintiffs' counsel, Mr. Yen was in the vicinity of the subject explosion but did not sustain

3   physical injuries.  However, he allegedly experienced the event and has been harmed

4   by his spouse's injuries.  Accordingly, Mr. Yen asserts a claim for loss of consortium

5   and bystander emotional distress due to the incident.

6   <u>**Plaintiffs' Citizenship/Residency**</u>

7       6.    During my October 30, 2007, telephone conference with Mr. Weissman, I

8   also asked him where plaintiffs' residence was located at where the incident reportedly

9   occurred.  He responded that it was "In Carlsbad somewhere."  Mr. Weissman also

10  made a passing reference that he "got tired of driving to North County (i.e. North San

11  Diego County).

12      I declare under penalty of perjury under the laws of the State of California that

13  the foregoing is true and correct.

14      Executed this **2** day of November, 2007, at Gardena, California.

15

16

17

18      Edgar J. Gutierrez, Declarant

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY; DECLARATION OF
EDGAR J. GUTIERREZ; EXHIBITS

        CASE NO:_____

**FILED**
LOS ANGELES SUPERIOR COURT

90017    AUG 06 2007

JOHN A. CLARKE, CLERK

BY EDUARDO CHANES, DEPUTY

1  I. DONALD WEISSMAN (Bar No. 67980)
    dweissman@wcclaw.com
2  WASSERMAN, COMDEN & CASSELMAN, L.L.P.
    5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
    Tarzana, California 91357-7033
4  Telephone: (818) 705-6800 • (323) 872-0995
    Facsimile: (818) 345-0162
5
6  Attorneys for Plaintiffs
    PEARL YANG and BEACH YEN

Case assigned
to Judge    ELIZABETH ALLEN WHITE

7
8      SUPERIOR COURT OF THE STATE OF CALIFORNIA
9      COUNTY OF LOS ANGELES, CENTRAL DISTRICT
10
11  PEARL YANG, an individual and          CASE NO.   BC375391
    BEACH YEN, an individual,
12                               COMPLAINT FOR DAMAGES
           Plaintiffs,
13
14      vs.
15  MAYTAG CORPORATION, a
    Delaware corporation, and DOES 1-150,
16  inclusive,
17             Defendants.
18
19              <u>FIRST CAUSE OF ACTION</u>
20       AGAINST DEFENDANTS AND EACH OF THEM,
21        FOR NEGLIGENCE, PEARL YANG, ALLEGES:
22
23      1.  The true names and capacities, whether individual, corporate, associate or
24  otherwise, of DOE 1 through 150, inclusive, are unknown to Plaintiff, who therefore sues
25  said Defendants by such fictitious names, and Plaintiff will seek leave to amend this
26  Complaint and insert the true names and capacities thereof when the same has been
27  ascertained.
28

821207.1

COMPLAINT FOR DAMAGES

2.    Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible, negligently or in some other manner, for the events and happenings therein referred to, and thereby proximately caused injuries and damages as herein alleged.

3.    Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, were and now are the agents and employees of each of their remaining Defendants, and were at all times acting within the purpose and scope off said agency and employment.

4.    Plaintiff is informed and believes and thereon alleges that, at all times relevant herein, the corporate Defendants did business in the County of Los Angeles, State of California.

5.    Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, were and now are the manufacturers, wholesalers, distributors, suppliers, retailers, inspectors, and persons engaged in the manufacture, distribution and sale, of a dishwasher or the components thereof. The actual relationship among said Defendants are unknown to Plaintiff who therefore prays leave to amend this Complaint to show the true relationship of the Defendants to each other and to said product when said relationships have been ascertained.

6.    Prior to the filing of this Complaint, a certain dishwasher was acquired from the Defendants, and each of them, for the use by Plaintiff.

7.    At all times relevant herein, the Defendants and each of them, knew that said product was to be used in and around the home by members of the public and that said product were to be used enabling said product to be used for said purpose. The Defendants,

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

821207.1

2

COMPLAINT FOR DAMAGES

Exhibit A   Page 9

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  and each of them, knew that if said product, or any component part thereof was negligently

2  designed, manufactured, installed, inspected, sold or was defective in any way, said

3  product would become dangerous and unsafe for the purpose for which it was intended.

4

5      8.    The Defendants, and each of them, so negligently, carelessly, and wrongfully

6  designed, manufactured, assembled, installed, inspected, supplied, and sold said product

7  and said component parts thereof, so as to cause said product to be defective, dangerous

8  and unsafe for its intended use and purpose.

9

10     9.    On or about September 30, 2005, while said was in use in Plaintiff's house,

11  said dishwasher exploded when it was turned on and while Plaintiff was in near proximity

12  thereto which caused Plaintiff to sustain personal injuries as a result of said defect.

13

14     10.   As the direct and proximate result of the negligence of the above named

15  Defendants, and each of them, Plaintiff was hurt and injured in her health, strength and

16  activity, sustaining injuries to body and shock and injuries to nervous system and person,

17  all of which injuries have caused and continue to cause Plaintiff great mental, physical and

18  nervous pain and suffering, all to Plaintiff's general damage in an amount in excess of the

19  jurisdictional minimum of this Court.

20

21     11.   As the direct and proximate result of the aforesaid negligence of the

22  Defendants, and each of them, Plaintiff was required to and did employ physicians and

23  surgeons to examine, treat and care for Plaintiff and did incur medical and incidental

24  expenses. The exact amount of such expenses are presently unknown to Plaintiff and

25  Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof

26  when the same have been ascertained.

27

28  ///

821207.1
                                    3
                        COMPLAINT FOR DAMAGES

Exhibit _A_ Page 10

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

12.    Plaintiff is informed and believes and upon said information and belief alleges that as a direct approximate result of the aforesaid negligence of the Defendants, and each of them, Plaintiff will, in the future, be required to employ physicians and surgeons to examine, treat and care for her injuries and will incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and Plaintiff will, at the time of trial, prove the exact amount of such expense and if required by the Court, will amend this Complaint to show said exact amount of such expense.

13.    As a further, direct and proximate result of the negligence of the above-named Defendants, and each of them, Plaintiff was unable to attend to her usual employment duties and has suffered a loss of earnings thereby. Plaintiff is informed and believes and thereon alleges, that she will be unable to attend to her usual occupation for a period of time in the future and will suffer a further loss of earnings and a diminished earning capacity thereby. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of all such lost earnings when the same have been ascertained.

<div align="center">

**SECOND CAUSE OF ACTION**

**AGAINST DEFENDANTS, AND EACH OF THEM,**

**FOR BREACH OF EXPRESSED WARRANTY,**

**PLAINTIFF PEARL YANG ALLEGES:**

</div>

14.    Plaintiff refers to paragraphs 1 through 13, inclusive, of the First Cause of Action and by this reference makes said paragraphs a part hereof as though set forth in full.

15.    Plaintiff is informed and believes and thereon alleges that prior to the day said dishwasher was supplied, inspected, assembled, manufactured, designed, sold, and/or purchased, the Defendants, and each of them, expressly warranted said product to be free

821207.1

<div align="center">

4

**COMPLAINT FOR DAMAGES**

</div>

1  from defects and in all respects safe for use in the manner for which it was designed,

2  manufactured and sold.

3

4      16.    All injuries and damages sustained by the Plaintiff as herein alleged, were

5  proximately caused by said defects in design and the breach of said express warranty.

6

7  <center>THIRD CAUSE OF ACTION</center>

8  <center>AGAINST DEFENDANTS, AND EACH OF THEM,</center>

9  <center>FOR BREACH OF IMPLIED WARRANTY,</center>

10  <center>PLAINTIFF PEARL YANG, ALLEGES:</center>

11

12      17.    Plaintiff refers to paragraphs 1 through 13, of the First Cause of Action and

13  by this reference makes said paragraphs d part hereof as though set forth in full.

14

15      18.    Plaintiff is informed and believes and thereon alleges that at the time said

16  product was supplied, inspected, installed, assembled, manufactured, designed, sold,

17  and/or purchased, the particular purpose for which it was to be used was made known to

18  the users, and at said time, the Defendants, and each of them, impliedly warranted said

19  product to be of merchantable and useable quality and fit for its intended use and purpose.

20

21      19.    Said product was not fit for its intended purpose and use, or of merchantable

22  and useable quality, as warranted by the Defendants, and each of them, in that it was

23  dangerously defective and unsafe for its intended use and purpose.

24

25      20.    All injuries and damages suffered by the Plaintiff are the proximate result of

26  said defects and the breach of said implied warranty by the Defendants, and each of them.

27

28  / / /

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

671207.1

<center>5</center>
<center>COMPLAINT FOR DAMAGES</center>

Exhibit _A_ Page _12_

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

### FOURTH CAUSE OF ACTION

### AGAINST DEFENDANTS, AND EACH OF THEM,

### FOR PRODUCT LIABILITY,

### PLAINTIFF PEARL YANG, ALLEGES:

21.    Plaintiff refers to paragraphs 1 through 13 of the First Cause of Action, and by this reference makes said paragraphs a part hereof as though set forth in full.

22.    The Defendants, and each of them, supplied, inspected, installed, assembled, designed, manufactured, sold and maintained, said dishwasher which was intended by the Defendants, and each of them, to be used in and around the home.

23.    The Defendants and each of them, knew that said product would be purchased and used without inspection for defects by the purchaser or user.

24.    Said product was unreasonably dangerous and unsafe for its intended use by reason of certain defects in its design, manufacture, assembly, installation and inspection.

25.    Plaintiff was not aware of any of said defects at any time prior to the injuries caused by said product, and consequently, the Defendants, and each of them, are strictly liable for damages caused thereby.

26.    On or about September 30, 2005, said product was being used for the purpose for which it was intended to be used by the Defendants, and each of them, when said product failed and malfunctioned, thereby proximately causing said to dishwasher to explode and cause injury to Plaintiff.

///

821207.1

6

COMPLAINT FOR DAMAGES

Exhibit _4_ Page _13_

## FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS, AND EACH OF THEM,
### FOR STRICT LIABILITY,
### PLAINTIFF PEARL YANG, ALLEGES:

27.    Plaintiff refers to paragraphs 1 through 13 of the First Cause of Action and by this reference makes said paragraphs a part hereof as though set forth in full.

28.    At all times herein mentioned, the Defendants, and each of them, were engaged in the supply, inspection, installation, assembly, design, manufacture and sale of products for consideration to the general public.

29.    Prior to the injuries and complaints complained of herein, said dishwasher was purchased and thereafter used from the Defendants, and each of them.

30.    At all times herein mentioned, the Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said product was of such a nature that if it was not properly designed, manufactured, assembled, tested, inspected, distributed, marketed, and sold for the use and purpose for which it was intended it was likely to be highly dangerous and injurious to members of the general public using same.

31.    The Defendants, and each of them, so negligently designed, manufactured, assembled, tested or failed to test, inspected or failed to inspect, failed to warn of dangers, distributed or failed to and sold and recommended the use of said bowl that the same was a defective and dangerous product, unsafe for the use and purpose for which it was intended.

32.    The defective and dangerous character of said dishwasher, its unsafeness for the use and purpose for which it was intended was known to the Defendants, and each of

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

821207.1

7

COMPLAINT FOR DAMAGES

Exhibit 4 Page 4

them, or, in the exercise of reasonable care should have been known or discovered by the Defendants, and each of them, but was not disclosed nor made known to plaintiff, or the general public.

33.    As a proximate result of the negligent failure to warn of the Defendants, and each of them, Plaintiff suffered personal injuries.

<div align="center">

**SIXTH CAUSE OF ACTION**

**AGAINST DEFENDANTS, AND EACH OF THEM,**

**FOR LOSS OF CONSORTIUM,**

**PLAINTIFF BEACH YEN, ALLEGES:**

</div>

34.    Plaintiff, BEACH YEN, refers to paragraphs 1 through 13, inclusive, of the First Cause of Action and, by this reference, makes said paragraphs a part hereof as though set forth in full.

35.    Plaintiff, BEACH YEN is the spouse of Plaintiff, PEARL YANG.

36.    As a further, direct and proximate result of the acts of the Defendants, and each of them, which resulted in injuries to Plaintiff, PEARL YANG, Plaintiff, BEACH YEN, has been deprived of the society, comfort, protection, and services of his wife by reason of her inability to carry on her usual duties and functions as his wife. Additionally, Plaintiff has been required to extend extra and special care to his wife. Plaintiff is informed and believes and thereon alleges that such injuries to his wife are of a permanent nature and he will be deprived of her said services permanently, all of his general damages in an amount in excess of the jurisdictional minimum of this Court.

///

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

821207.1

8

<div align="center">COMPLAINT FOR DAMAGES</div>

Exhibit _4_ Page 15

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

37.    Further, Plaintiff was in proximity to his spouse at the time of the exposure and witnessed the explosion. He was placed in fear of his spouse's safety and well being. As a direct result, Plaintiff suffered injuries and damages for emotional distress, according to proof.

WHEREFORE, Plaintiff, PEARL YANG, prays for judgment against the Defendants, and each of them, as follows:

1.    General damages in a sum in excess of the jurisdictional minimum of this Court;

2.    Medical and incidental expenses, according to proof;

3.    For punitive damages and exemplary damages, according to proof;

4.    Loss of earnings and damage to earning capacity;

FOR PLAINTIFF, BEACH YEN:

5.    Loss of consortium, according to proof;

6.    General damages, according to proof;

FOR ALL PLAINTIFFS:

7.    Costs of suit incurred herein; and

8.    Such other and further relief as the Court deems just and proper.

DATED: July 3/ , 2007

WASSERMAN, COMDEN & CASSELMAN, L.L.P.

By: _____
I. DONALD WEISSMAN
Attorneys for Plaintiffs
PEARL YANG and BEACH YEN

821207.1

9

COMPLAINT FOR DAMAGES

Exhibit A Page 16



DATE RECEIVED

OCT 0 4 2007

LAW DEPARTMENT

CORPORATION SERVICE COMPANY

## Notice of Service of Process

LDD / ALL
Transmittal Number: 5370935
Date Processed: 10/03/2007

| Primary Contact: | Garnet Chapin |
| | Whirlpool Corporation |
| | 211 Hilltop Road |
| | MD 2114 |
| | St. Joseph, MI 49085 |

| Copy of transmittal only provided to: | Angela Nepper |

| Entity: | Maytag Corporation |
| | Entity ID Number 2580392 |
| Entity Served: | Maytag Corporation |
| Title of Action: | Pearl Yang vs. Maytag Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court: | Los Angeles Superior Court, California |
| Case Number: | BC375391 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/03/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | I. Donald Weissman |
| | 818-705-6800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Exhibit A Page 17

1   BOWMAN AND BROOKE LLP
    Brian Takahashi (SBN 146505)

2   Edgar J. Gutierrez (SBN 189011)
    879 West 190th Street, Suite 700

3   Gardena, California 90248-4227
    Telephone: (310) 768-3068

4   Facsimile: (310) 719-1019

5   Attorneys for Defendant, MAYTAG CORPORATION

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 3 1 2007

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

| | |
|---|---|
| 11  PEARL YANG, an individual AND BEACH YEN, an individual, | )  CASE NO. BC375391 |
| 12 | ) |
| 13              Plaintiffs, | )  Judge:  Hon. Elizabeth Allen White |
| | )  Dept.:  "48" |
| 14  vs. | ) |
| 15 | )  DEFENDANT MAYTAG |
| 16  MAYTAG CORPORATION, a Delaware corporation, and DOES 1-150, inclusive, | )  CORPORATION'S ANSWER TO |
| | )  PLAINTIFFS' COMPLAINT FOR |
| 17 | )  DAMAGES AND DEMAND FOR JURY |
| 18              Defendant. | )  TRIAL |
| 19 | )  Action Filed: August 6, 2007 |
| | )  Trial Date:   None |

20       Defendant MAYTAG CORPORATION, for itself alone, and for no other party,

21  answers Plaintiffs Pearl Yang and Beach Yen's ("Plaintiffs") Complaint for Damages, as

22  follows:

23       Pursuant to California Code of Civil Procedure, Section 431.30, MAYTAG

24  CORPORATION denies each of the allegations contained in the Complaint for

25  Damages filed by Plaintiffs and every cause of action in it, and further denies that

26  Plaintiffs has been damaged in any sum or sums, or at all.

27  / / /

28  / / /

Exhibit B Page 18

1

## FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State a Cause of Action)

3    2.    Neither the Complaint for Damages nor any of the causes of action stated

4 in it alleges facts sufficient to constitute a cause of action against MAYTAG

5 CORPORATION.

6

## SECOND AFFIRMATIVE DEFENSE

7

### (Comparative Fault)

8    3.    MAYTAG CORPORATION is informed and believes, and on that basis

9 alleges, that Plaintiffs were negligent in and about the matters and things alleged in

10 their Complaint for Damages and that negligence and fault contributed directly and

11 proximately to the happening of the incident and to Plaintiffs' damages, if any, so that

12 Plaintiffs' recovery, if any, shall be diminished by the proportion of said negligence and

13 fault.

14

## THIRD AFFIRMATIVE DEFENSE

15

### (Assumption of Risk)

16    4.    MAYTAG CORPORATION is informed and believes, and on that basis

17 alleges that Plaintiffs at the time and place alleged in their Complaint for Damages

18 knowingly, voluntarily and freely placed themselves in an unsafe and dangerous

19 position, and therefore assumed all resulting risks of injuries.

20

## FOURTH AFFIRMATIVE DEFENSE

21

### (Third Party Liability)

22    5.    MAYTAG CORPORATION is informed and believes, and on that basis

23 alleges, that the damages which Plaintiffs alleges, if any, may have been wholly or

24 partially caused or contributed to by acts or omissions of persons, firms, corporations,

25 or entities other than MAYTAG CORPORATION, and, if so, MAYTAG CORPORATION

26 is entitled to an apportionment among all such entities according to their responsibilities

27 for such injuries and damages, if any, sustained by Plaintiffs.

28 / / /

Exhibit B Page 19

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Intervening/Superseding Actions)

3      6.    MAYTAG CORPORATION is informed and believes, and on that basis

4 alleges that the injuries and damages alleged by Plaintiffs, if any, were the direct and

5 proximate result of the intervening and superseding actions of third parties, whether

6 named or unnamed over which MAYTAG CORPORATION has no control.

7

## SIXTH AFFIRMATIVE DEFENSE

8

### (Fair Responsibility Act)

9      7.    MAYTAG CORPORATION is informed and believes, and on that basis

10 alleges, that MAYTAG CORPORATION's liability, if any, is limited pursuant to California

11 Civil Code Section 1431 et seq., and any damages awarded against MAYTAG

12 CORPORATION should be accordingly reduced.

13

## SEVENTH AFFIRMATIVE DEFENSE

14

### (State of the Art/Applicable Industry Standards)

15      8.    MAYTAG CORPORATION is informed and believes, and on that basis

16 alleges, when the product referred to in Plaintiffs' Complaint for Damages was sold and

17 delivered, it comported with the state of the art as well as all applicable industry

18 standards at the time the product was manufactured.

19

## EIGHTH AFFIRMATIVE DEFENSE

20

### (Alteration/Modification of Product)

21      9.    MAYTAG CORPORATION is informed and believes, and on that basis

22 alleges, that the product referred to in the Complaint for Damages may have been

23 abused and/or altered after being placed in the stream of commerce in a manner which

24 was not reasonably foreseeable to MAYTAG CORPORATION. That abuse and/or

25 alteration reasonably caused or contributed to the happening of the alleged incident

26 and to the loss and damages, if any.

27 / / /

28 / / /

Exhibit B Page 20

L428762

3

DEFENDANT MAYTAG CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

1

### NINTH AFFIRMATIVE DEFENSE

2

### (Misuse of Product)

3    10.    MAYTAG CORPORATION is informed and believes, and on that basis

4  alleges, that the product referred to in the Complaint for Damages may have been

5  improperly maintained and/or misused in a manner which was not reasonably

6  foreseeable to MAYTAG CORPORATION.    That misuse reasonably caused or

7  contributed to the happening of the alleged incident and to the loss and damages, if

8  any.

9

### TENTH AFFIRMATIVE DEFENSE

10

### (Mitigation of damages)

11    11.    MAYTAG CORPORATION is informed and believes, and on that basis

12  alleges, that Plaintiffs failed to mitigate their damages, if any, in the manner and to the

13  extent required by law.

14

### ELEVENTH AFFIRMATIVE DEFENSE

15

### (No Privity)

16    12.    MAYTAG CORPORATION is informed and believes, and on that basis

17  alleges that Plaintiffs is barred from maintaining an action for breach of warranty

18  because they are not in privity of contract with MAYTAG CORPORATION and there are

19  no implied warranties running from MAYTAG CORPORATION to the Plaintiffs.

20

### TWELFTH AFFIRMATIVE DEFENSE

21

### (Disclaimer of Warranties)

22    13.    MAYTAG CORPORATION is informed and believes, and on that basis

23  alleges, that Plaintiffs' claims have been effectively disclaimed thereby barring in whole

24  or in part, any recovery.

25

### THIRTEENTH AFFIRMATIVE DEFENSE

26

### (Compliance with Limited Warranty)

27    14.    MAYTAG CORPORATION is informed and believes, and on that basis

28  alleges that Plaintiffs are barred from maintaining any action for breach of warranty

Exhibit B Page 21

L428762

4

1  because the product referred to in the Complaint for Damages met or exceeded any
2  and all applicable limited warranties.

3              ## FOURTEENTH AFFIRMATIVE DEFENSE

4                    ### (Warranty Exclusions)

5         15.    MAYTAG CORPORATION is informed and believes, and on that basis
6  alleges that the damages asserted in Plaintiffs' Complaint for Damages was not the result
7  of any defect in material or workmanship in any product distributed by MAYTAG
8  CORPORATION.  Specifically, MAYTAG CORPORATION asserts that after appropriate
9  discovery, one more of the stated specific warranty exclusions may be applicable

10            ## FIFTEENTH AFFIRMATIVE DEFENSE

11                   ### . (Proper Notice)

12        16.    MAYTAG CORPORATION is informed and believes, and on that basis
13  alleges that Plaintiffs are barred from maintaining an action for breach of warranty
14  because Plaintiffs failed to give proper notice within reasonable time and after Plaintiffs
15  discovered, or should have discovered, such alleged breach of warranty.

16            ## SIXTEENTH AFFIRMATIVE DEFENSE

17            ### (No Incidental/Consequential Damages)

18        17.    MAYTAG CORPORATION is informed and believes, and on that basis
19  alleges that by the terms of the limited warranty for the product(s) at issue, MAYTAG
20  CORPORATION is not liable for any incidental or consequential damages.

21            ## SEVENTEENTH AFFIRMATIVE DEFENSE

22              ### (Additional Warnings Irrelevant)

23        18.    MAYTAG CORPORATION is informed and believes, and on that basis
24  alleges that no additional warnings would have, or could have prevented the alleged
25  incident, the injuries, loss and damages alleged by Plaintiffs.

26            ## EIGHTEENTH AFFIRMATIVE DEFENSE

27        ### (Failure to Comply With Applicable Product Warnings)

28        19.    MAYTAG CORPORATION is informed and believes, and on that basis

Exhibit B Page 22

1  alleges that Plaintiffs failed to comply with or otherwise heed the applicable warnings

2  and other product literature for the subject product.

3  ### NINETEENTH AFFIRMATIVE DEFENSE

4  ### (Venue/Convenience of Witnesses)

5      20.    MAYTAG CORPORATION is informed and believes, and on that basis

6  alleges that Plaintiffs' Complaint for Damages was filed in an improper and/or

7  inconvenient venue and the action should have been brought in a different venue

8  consistent with Code of Civil Procedure, Sections 396, et seq.

9  ### TWENTIETH AFFIRMATIVE DEFENSE

10  ### (Additional Affirmative Defenses Reserved)

11      21.    MAYTAG CORPORATION is informed and believes, and on that basis

12  alleges, that other, as yet unidentified, affirmative defenses may exist of which it is not

13  currently aware.  Accordingly, MAYTAG CORPORATION reserves all such additional

14  affirmative defenses and will amend this Answer at such time as these affirmative

15  defenses become known.

16      WHEREFORE, Defendant MAYTAG CORPORATION prays as follows:

17      (1)    Plaintiffs take nothing by way of their Complaint for Damages;

18      (2)    For judgment in favor of MAYTAG CORPORATION;

19      (3)    For its costs; and,

20      (4)    For such other and further relief as the court deems proper.

21  Dated:  October **30**, 2007        BOWMAN AND BROOKE LLP

22

23          By: _____

24          Brian Takahashi

25          Edgar J. Gutierrez
        Attorney for Defendant, MAYTAG
        CORPORATION

26

27

28

Exhibit **B** Page **23**

## DEMAND FOR JURY TRIAL

Defendant MAYTAG CORPORATION hereby demands a jury trial.

Dated: October **30**, 2007

BOWMAN AND BROOKE LLP

By: _____

Brian Takahashi
Edgar J. Gutierrez
Attorney for Defendant, MAYTAG
CORPORATION

Exhibit **B** Page **24**

DEFENDANT MAYTAG CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

1

## PROOF OF SERVICE

2

CCP 1013A(3) (Revised 5/1/88)

3

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18
5 and not a party to the within action; my business address is 879 West 190th Street, Suite
700, Gardena, CA 90248-4227.

6

On October __31__, 2007, I served the foregoing document described as **DEFENDANT
7 MAYTAG CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND DEMAND FOR JURY TRIAL** on all interested parties in this action by
8 placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

9

### SEE ATTACHED SERVICE LIST

10

11 **(X)**    BY MAIL (CCP §1013(a) and §2015.5)

12 ( )    BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5)

13 ( )    **BY FACSIMILE (CRC 2.306 and CCP §2015.5):**    The document(s) were
transmitted by facsimile transmission to each of the parties at the facsimile number(s)
14 listed on the attached service list and the transmission(s) reported as complete and
without error. The facsimile machine I used complied with the California Rules of Court,
15 Rule 2.306(g) and I printed a record of the transmission(s), a copy of which is attached
to the original of this declaration.

16

( )    **BY PERSONAL SERVICE (CCP §1011 and §2015.5):** I delivered such envelope
17 by hand to the addressee.

18 **(X)** As follows:  I am "readily familiar" with the firm's practice of collection and processing
documents for mailing.  Under the practice it would be deposited with the U.S. postal
19 service on that same day with postage thereon fully prepaid in the ordinary course of
business.  I am aware that on motion of the party served, service is presumed invalid if
20 postal cancellation date or postage date is more than 1 day after date of deposit for
mailing in affidavit.

21

Executed on October __31__, 2007, at Gardena, California.
22

**(X)** (State)  I declare under penalty of perjury under the laws of the State of California that
23 the above is true and correct.

24 ( ) (Federal)  I declare that I am employed in the office of a member of the bar of this court
at whose direction the service was made.
25

26

27                                                    _____
                                            Samie Long
28

Exhibit **B**  Page 25

DEFENDANT MAYTAG CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

1

## SERVICE/MAILING LIST

2

### Pearl Yang and Beach Yen v. Maytag Corporation
Los Angeles Superior Court (Central District) Case No: BC375391

3

4

5    I. Donald Weissman, Esq.          **Attorneys for Plaintiffs PEARL**
WASSERMAN, COMDEN &            **YANG and BEACH YEN**

6    CASSELMAN, LLP
5567 Reseda Boulevard, Suite 330     Tel:    (818) 705-6800

7    P.O. Box 7033                              (323) 872-0995
Tarzana, CA 91357-7033               Fax:    (818) 345-0162

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L428758

Exhibit B Page 26

## PROOF OF SERVICE

CCP 1013A(3) (Revised 5/1/88)

### *STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA  90248-4227.

On November **2**, 2007, I served the foregoing document described **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY; DECLARATION OF EDGAR J. GUTIERREZ; EXHIBITS** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

(X)    **BY MAIL (CCP §1013(a) and §2015.5)**

( )    **BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5)**

( )    **BY FACSIMILE (CRC 2.306 and CCP §2015.5):**  The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and without error.  The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g) and I printed a record of the transmission(s), a copy of which is attached to the original of this declaration.

( )    **BY PERSONAL SERVICE (CCP §1011 and §2015.5):** I delivered such envelope by hand to the addressee.

**(X)** As follows:  I am "readily familiar" with the firm's practice of collection and processing documents for mailing.  Under the practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

Executed on November **2**, 2007, at Gardena, California.

( ) (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**(X)** (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Samie Long

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY; DECLARATION OF EDGAR J. GUTIERREZ; EXHIBITS

CASE NO:_____

<u>**SERVICE/MAILING LIST**</u>

<u>**Pearl Yang and Beach Yen v. Maytag Corporation**</u>
Los Angeles Superior Court (Central District) Case No: BC375391

I. Donald Weissman, Esq.               **Attorneys for Plaintiffs PEARL**
WASSERMAN, COMDEN &                     **YANG and BEACH YEN**
CASSELMAN, LLP
5567 Reseda Boulevard, Suite 330       Tel:    (818) 705-6800
P.O. Box 7033                                  (323) 872-0995
Tarzana, CA 91357-7033                 Fax:    (818) 345-0162

L428758

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144174    — BH**
**\* \* C O P Y \* \***
**November 05, 2007**
**11:15:46**

**Civ Fil Non-Pris**
USAO #.: 07CV2111 CIV. FIL.
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC# D3115709

**Total—>   $350.00**

FROM: YANG & YEN V. MAYTAG
      CIVIL FILING

ORIGINAL

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
Perl Yang; Beach Yen

## DEFENDANTS
Maytag Corporation

07 NOV -5 AM II: 14

'07 CV  2111 IEG JMA

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ CP

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  **Berrien County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Edgar J. Gutierrez
BOWMAN AND BROOKE LLP
879 W. 190th Street Suite, 700
Gardena, CA 90248-4227
(310) 768-3068

ATTORNEYS (IF KNOWN)
I. Donald Weissman
WASSERMAN, COMDEN & CASSELMAN, LLP
5567 Reseda Boulevard, Suite 330
Tarzana, CA 91357
(818) 705-6800

BY FAX

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR
(For Diversity Cases Only)   PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Petition for removal-diversity jurisdiction under 28 USC 1441.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 366 Personal Injury - Product Liability | [ ] 626 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ Unstated
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE ___   Docket Number ___

DATE  11/2/2007   SIGNATURE OF ATTORNEY OF RECORD ___

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

PAID $350  11/5/07  8H  Recip # 144174