I. DONALD WEISSMAN (Bar No. 67980)
dweissman@wcclaw.com
**WASSERMAN, COMDEN & CASSELMAN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • (323) 872-0995
Facsimile: (818) 345-0162

Attorneys for Plaintiffs
**PEARL YANG and BEAN YEN**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PEARL YANG, an individual and BEAN YEN, an individual**,<br><br>Plaintiffs,<br><br>vs.<br><br>**MAYTAG CORPORATION, a Delaware corporation, and DOES 1-150, inclusive**,<br><br>Defendants. | CASE NO. **3:07-cv-02111-IEG-JMA**<br>(Removed from LASC Case No. BC375391)<br><br>**NOTICE OF MOTION AND MOTION FOR WITHDRAWAL AS ATTORNEYS OF RECORD FOR PLAINTIFFS; DECLARATION OF I. DONALD WEISSMAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 15, 2008<br>Time: 10:30 a.m.<br>Ctrm: 1 |

PLEASE TAKE NOTICE that on September 15, 2008 at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 1 by the Honorable Irma E. Gonzalez, the law firm of Wasserman, Comden & Casselman, LLP, counsel of record for Plaintiffs, PEARL YANG and BEAN YEN will and hereby does move this court for an order permitting the law firm of Wasserman, Comden & Casselman, L.L.P. ("WCC") to withdraw from representation of Plaintiffs in the above-referenced action

NOTICE IS FURTHER GIVEN that the Motion will be based on this Notice, the accompanying Memorandum of Points and Authorities, and the Declaration of I.Donald Weissman filed concurrently herewith.

NOTICE IS FURTHER GIVEN that the Wasserman firm has complied with the requirements of Local Rule 83.3 as delineated in the Weissman Declaration.

DATED: July 15, 2008        **WASSERMAN, COMDEN & CASSELMAN, L.L.P.**

By: ___s/I.Donald Weissman, declarant___
    I.DONALD WEISSMAN

# I. The Court Is Requested To Grant Leave to Wasserman, Comden & Casselman, LLP To Withdraw As Counsel For Plaintiffs Because Plaintiffs' Conduct Has Made It Unreasonably Difficult For WCC To Carry Out Its Employment.

The Court is requested to grant leave to Wasserman, Comden & Casselman, LLP ("WCC") to withdraw as counsel of record for Plaintiffs, PEARL YANG and BEAN YEN (collectively referred to as "Plaintiffs") in the above-captioned action. This request is timely, and will not adversely affect Plaintiffs. It is made because Plaintiffs' conduct has made it unreasonably difficult for the WCC to carry out its employment.

The decision of whether to allow an attorney to seek to withdraw, pursuant to California Code of Civil Procedure Section 284(2), is within the sound discretion of the court and will depend on resulting prejudice to the client and the level of delay in any proceeding caused by such withdrawal. (*Mandel v. Superior Court* (1977), 67 Cal.App. 3d 1, 4 136 Cal.Rptr. 3554.) "Even with the client's consent, an attorney may not withdraw as counsel except with leave of court." *(See* W. SCHWARZER, CAL. PRAC. GUIDE: CIV. PRO. BEFORE TRIAL, § 12:190, p. 12-65 (The Rutter Group 2004) (*citing* Local Rule 83-2.9.2.1 of the Central District).[1]) The request for withdrawal will be granted if the motion is timely made, before the case was set for trial, and there is no showing that the withdrawal prejudices the parties to the action. (*People v. Prince* (1977) 268 Cal.App.2d 398, 406; *see also Ramirez v. Sturdevant* (1994) 21 Cal.App.4th 904 (attorney is not limited to withdrawing from case for cause when withdrawal can be accomplished without undue prejudice to interest of client.)

---

[1] Southern District Local Rule, Civil Rule 83.3 is virtually identical to this Central District Local Rule.

### A. Notice Of This Motion Has Been Provided To Plaintiffs and Counsel for Defendant.

"An attorney's motion to withdraw must be made upon written notice to the client and to all other parties." *Id.* at § 12:198, p. 12-65 (*citing* Local Rule 83-2.9.2.1 of the Central District; see Local Rule 83.3(g).)

It was a mutual decision that the professional relationship between Plaintiffs and WCC end. This was confirmed by letter to Plaintiffs. (*See* ¶ 7 of the Declaration of I.Donald Weissman in support of the this motion.)

Prior to filing this motion, WCC sent a letter to defense counsel advising them a motion for withdrawal would be filed. WCC provided notice of this motion to Plaintiffs and to defense counsel in compliance with Local Rule 83.3(g)(3) of the Southern District.

### B. This Request To Withdraw Will Not Adversely Affect Plaintiffs And Will Not Delay The Action.

This request to withdraw as counsel will not adversely affect Plaintiffs or defendant. There is sufficient time pursuant to the Case Management Order for Plaintiffs to seek and retain new counsel and for new counsel to prepare this case for trial.

### C. Withdrawal Is Permissible Under California Rule of Professional Conduct 3-700(C)(1)(d)

Under California Rule of Professional Conduct 3-700(C)(1)(d), an attorney may permissively withdrawal from representation of a client when the client's

conduct makes it unreasonably difficult for an attorney to carry out his employment. (*See Pearlmutter v. Alexander*, (1979) 97 Cal.App.3d Supp. 16, 20 ("Rules of Professional Conduct . . . authorizes a withdrawal where the client's conduct (here the refusal to consummate an agreed-upon settlement) renders it unreasonably difficult to for the attorney to carry out his employment effectively.").

**II.     Conclusion**

Based upon the foregoing, WCC respectfully requests that the Court allow it to withdraw as counsel of record for Plaintiffs.

DATED: July 15, 2008          **WASSERMAN, COMDEN & CASSELMAN, L.L.P.**


By:   s/I.Donald Weissman, declarant
         I.DONALD WEISSMAN

## DECLARATION OF I.DONALD WEISSMAN

I, I.Donald Weissman, do hereby declare:

1. I am an attorney licensed to practice in the State of California. I am a partner of the law firm of Wasserman, Comden & Casselman, L.L.P. ("WCC"), attorneys of record for Plaintiffs. This Declaration is made of matters within my own personal knowledge and if called as a witness, could competently testify thereto.

2. The parties to this action are Plaintiffs PEARL YANG and BEAN YEN and defendant MAYTAG.

3. WCC seeks to withdraw as counsel for Plaintiffs due to specific uncontrollable and unreasonable behavior and conduct has led to a breakdown of communication with Plaintiffs and which makes representation extremely burdensome and difficult. Plaintiffs' lack of cooperation regarding specific instructions and timeframes has become an obstacle to prosecution of this claim. As such, your declarant is not able to properly proceed. Communications with Plaintiffs are privileged and the privilege prevents your declarant from setting forth additional information in this declaration. Your declarant, if requested, will appear, in camera and outside the presence of defense counsel to address the issues.

4. Your declarant was told by Plaintiffs that they did not want your declarant to represent them any longer. Your declarant agreed with the decision. On June 26, 2008, correspondence was sent to Plaintiffs informing them of the decision and the effects of same.

5. Plaintiffs will not be prejudiced by the withdrawal of WCC as their counsel of record. This request is timely, and will not adversely affect Plaintiffs, who will have adequate time to seek new counsel. New counsel should have adequate time to prepare this case for trial.

7. Communications between Plaintiffs and WCC have deteriorated to the point that further discussions are pointless. Therefore, we are filing this motion to withdraw as counsel.

8. The address for Plaintiffs listed on the attached proof of service is the same address for mailing for Plaintiffs that was supplied to your declarant by Plaintiffs. Materials mailed to Plaintiffs to that address within the last thirty (30) days have not been returned. Your declarant is of the belief and understanding that Plaintiffs still reside at said address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 15, 2008, at Tarzana, California.

s/I.DONALD WEISSMAN
I.Donald Weissman, declarant

|   |   |
|---|---|
| 1 | CERTIFICATION OF SERVICE |

I hereby certify that on July 15, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| Brian Takahashi, Esq. | Attorneys for Defendant |
| Edgar J. Gutierrez, Esq. | MAYTAG CORPORATION |
| BOWMAN AND BROOKE LLP | |
| 879 W. 190th Street, Suite 700 | |
| Gardena, CA 90248-4227 | |
| Telephone: (310) 768-3068 | |
| Facsimile: (310) 719-1019 | |

| Michael D. Hostetter, Esq. | National Product Counsel for |
| NALL & MILLER, LLP | Whirlpool Corporation |
| 235 Peachtree Street, NE, Suite 1500 | |
| Atlanta, GA 30303-1401 | |
| Telephone: (404) 522-2200 | |
| Facsimile: (404) 522-2208 | |

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Pearl Yang
Bean Yen
6935 Whitecap Drive
Carlsbad, CA 92009

Respectfully submitted,

s/JAMIE KESSINGER
JAMIE KESSINGER

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033