1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11

| PEARL YANG; BEACH YEN, | CASE NO. 07cv2111 - IEG - JMA |
|---|---|
| Plaintiff, | ORDER DISMISSING CASE WITHOUT PREJUDICE |
| vs. | |
| MAYTAG CORPORATION; DOES 1-150 , | |
| Defendant. | |

15    Before the Court is Maytag's Motion to Dismiss for Lack of Prosecution.  On January 20,

16   2009, the Court gave plaintiffs one month to retain counsel, setting a status conference for March 2,

17   2009.  Plaintiffs failed to appear at the status conference and no counsel has appeared on their behalf.

18   The Court DISMISSES the case for the following reasons.

## BACKGROUND

**I.      Factual Background**

21         This is a personal injury and product liability action predicated upon diversity jurisdiction.

22   It arises from an alleged explosion that occurred at plaintiffs' home on September 20, 2005.  Plaintiffs

23   contend a Maytag brand dishwasher caused the subject explosion.  Defendant denies the explosion

24   was caused by any defect in design, manufacture or warnings of the dishwasher.  Rather, Defendant

25   contends the explosion was caused by a buildup of hydrogen gas in plaintiffs' hot water heater.

**II.     Relevant Procedural History**

27         Plaintiffs filed their lawsuit in Los Angeles Superior Court.  Defendant answered in state court

28   and removed the action to this Court on November 5, 2007.  Plaintiffs were previously represented

1   by attorney I. Donald Weissman of Wasserman, Comden & Casselman, LLP.  Mr. Weissman

2   represented plaintiffs from the inception of this lawsuit, during the initial early neutral evaluation

3   conference, and during several case management conferences before Magistrate Judge Jan Adler.

4        On July 18, 2008, Mr. Weissman moved to withdraw as counsel of record, citing unspecified

5   difficulties in the attorney-client relationship.  On August 15, 2008, the Court granted Mr. Weissman's

6   motion to withdraw, vacated all future dates, and ordered defense counsel to coordinate with Judge

7   Adler on scheduling a status conference.

8        On August 19, 2008, Judge Adler issued a Minute Order scheduling a telephonic case

9   management conferences for September 19, 2008.  (Doc. No. 22.)  Judge Adler's Order specifically

10  directed plaintiffs to provide the court with a telephone number at which they could be reached for

11  the purposes of this hearing.  Id.  In addition to the Court notifying plaintiffs, defendant sent a notice

12  of telephonic case management conference to plaintiffs.  (Doc. No. 25.)  On September 19, 2008, the

13  case management conference did not go forward because plaintiffs failed to call in to chambers and

14  failed to provide a contact telephone number.  (Doc. No. 26.)

15       On October 21, 2008, Judge Adler issued another Minute Order rescheduling a telephonic case

16  management conference for November 12, 2008.  (Doc. No. 28.)  In that order, Judge Adler again

17  instructed plaintiffs to provide a contact phone number and warned them of the consequences of a

18  failure to participate in future court conferences or hearings.  Id.  On November 12, 2008, the plaintiffs

19  failed to appear.  (Doc. No. 29.)  On that date, Judge Adler inquired if defense counsel had any

20  communication with the plaintiffs.  Defense counsel informed Judge Adler there was no indication

21  plaintiffs had retained new counsel.

22       Maytag filed a motion to dismiss for lack of prosecution and failure to comply with court

23  orders.  (Doc. No. 30.)  On January 20, 2009, Plaintiffs appeared at the hearing and indicated they

24  were having difficulty obtaining counsel.  The Court gave plaintiffs one month to retain counsel,

25  setting a status conference for March 2, 2009.  The Court cautioned plaintiffs that a failure to obtain

26  counsel could result in dismissal of the action.  Plaintiffs failed to appear at the March 2 status

27  conference and no counsel has appeared on their behalf.

28  //

**LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) permits district courts to dismiss actions for failure to prosecute or to comply with court orders.  Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).   When considering a Rule 41(b) motion, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.2002). The Ninth Circuit has stated a preference for specific findings on each of these factors.  In re Eisen, 31 F.3d 1447, 1451 (1994).

**DISCUSSION**

**1. Public's interest in expeditious resolution of litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999). Given plaintiffs' failure to pursue the case, their continued failure to meet court deadlines, and their non-appearance at court-ordered hearings and conferences, the public interest favors dismissal in this case.

**2. Court's need to manage its docket**

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Plaintiffs' action has consumed this Court's and Judge Adler's time that could have been devoted to other cases on the docket.  "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ."  Id.  Plaintiffs failed to appear at numerous scheduled hearings, thereby, wasting the Court's time and burdening its docket.  This factor weights in favor of dismissal.

**3. Risk of prejudice to defendants/respondents**

To prove prejudice, a defendant must establish that plaintiffs' actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case.  Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987).

1   Defendant argues plaintiffs' inaction prevents it from defending against this action. Defendant

2   notes it cannot take plaintiffs' depositions or conduct expert discovery because the August 15 Order

3   vacated all future dates set forth in the initial case management order. Therefore, defendant cannot

4   proceed until the Court resets those dates; an act prevented by plaintiffs' non-appearance at two case

5   management conferences.

6   At the January 20, 2009 hearing, plaintiffs claimed the delay and nonappearance was due to

7   a trip abroad and promised to obtain counsel. However, not only did they not obtain counsel, but they

8   also failed to appear at the March 2, 2009 status conference. The Court explicitly set the date of the

9   conference at the January 20 hearing and orally confirmed the date with plaintiffs. "Unnecessary

10  delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."

11  Pagtalunan, 291 F.3d at 643 (citing Sibron v. New York, 392 U.S. 40, 57 (1968). Plaintiffs knew of

12  the March 2, 2009 status conference and did not appear, causing an unnecessary delay that inherently

13  increases the risk evidence will become stale. This factor weighs in favor of dismissal.

14  **4. Availability of less drastic alternatives**

15  The fourth factor – the availability of less drastic sanctions – ordinarily counsels against

16  dismissal. "The district court need not exhaust every sanction short of dismissal before finally

17  dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779

18  F.2d 1421, 1424 (9th Cir. 1986). The Court has attempted to avoid outright dismissal by giving

19  plaintiffs the opportunity to appear at two separate case management conferences and respond to this

20  motion, opportunities plaintiffs have declined. Further, when plaintiffs did appear at the January 20,

21  2009 hearing, the Court gave plaintiffs time to obtain counsel; an opportunity plaintiffs declined.

22  Sanctions other than dismissal do not appear to be appropriate because plaintiffs have failed to

23  participate in their own litigation. Therefore, this factors weighs in favor of dismissal.

24  **5. Public Policy Favoring disposition of cases on their merits**

25  Public policy favors disposition of cases on the merits. Thus, this factor weighs against

26  dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir.1998).

27  **CONCLUSION**

28  Four factors favor dismissal and one factor weighs against dismissal. Dismissal is warranted

because of plaintiffs' cavalier disregard for Court orders and utter failure to prosecute this action. Because the public policy is lone factor weighing against dismissal, the case is DISMISSED WITHOUT PREJUDICE.  To hold otherwise would render Rule 41(b) mere surplusage.

**IT IS SO ORDERED.**

**DATED:  March 12, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

07cv2111- IEG - JMA